**General Order**
**Western District of Missouri**
**Mediation and Assessment Program**
**(Restatement Effective August 1, 2013,**
**Amendment Effective September 1, 2015,**
**Amendment Effective November 14, 2019,**
**Amendment Effective August 1, 2023)**

The Alternative Dispute Resolution Act, 28 U.S.C. §§651-658, requires each district court to authorize and administer its own ADR program. 28 U.S.C. § 651 provides, *inter alia*, as follows:

▶ Each United States district court shall devise and implement its own alternative dispute resolution program … to encourage and promote the use of alternative dispute resolution in its district.

▶ Each United States district court shall designate an employee, or a judicial officer, who is knowledgeable in alternative dispute resolution practices and processes to implement, administer, oversee, and evaluate the court's alternative dispute resolution program.

The Court's authorization of alternative dispute resolution (ADR) is through the Mediation and Assessment Program (known as MAP or Program) with administration by the MAP Director.

**Absent an express order from the judge assigned to a particular case, assignment to the Program does not modify any other orders or deadlines imposed by the Court.**

The Program addresses assignment of cases either to Early-Stage ADR or Later-Stage ADR. Assignments to Early-Stage ADR are to Mediation (known as ADR-M), although an ADR Option Session (known as ADR-O) may be used if approved in advance by the Director or by any Western District Judge (Section II.A.).

Cases for Early-Stage ADR are randomly assigned to a Neutral in one of three categories: 1) MAP Director; 2) Outside Neutral (Category I or Category II); or 3) a Bankruptcy Judge or Magistrate Judge (known as a MAP Judge).

When cases are assigned to Category I, the parties select the Neutral (Section III.D.). When cases are assigned to Category II, the MAP Director selects the Neutral (Section III.E.).

1

I.  OVERVIEW ...................................................................................................................................4

    A.  Principles
    B.  Definitions
        1.  ADR Option Session (ADR-O)
        2.  Days
        3.  Designation of Neutral
        4.  Director
        5.  Early-Stage ADR
        6.  Later-Stage ADR
        7.  List of Neutrals
            1.  Category I
            2.  Category II
        8.  MAP Judge
        9.  Mediation (ADR-M)
        10. Mediator
        11. Neutral
        12. Outside Neutral
        13. Pro Se
        14. Technology
        15. Timing
        16. Western District Judge

II.  ADMINISTRATION ........................................................................................................7

    A.  Scope
    B.  Notice to Parties
    C.  Timing
    D.  Location
    E.  Additional Sessions
    F.  Attendance/Participation
        1.  In-Person Provisions
        2.  Required Participants
    G.  Written Statements
    H.  Mediation and Other ADR-Related Activities
    I.  Preparation and Engagement
    J.  Status Reports
    K.  Post-Mediation and Other Post-ADR Reports
    L.  Notice of Settlement
    M. Extensions
    N.  Opting Out
    O.  Reports of Violations
    P.  Questions

**III.     PROVISIONS GOVERNING NEUTRALS**.....................................................................**12**

      **A.  Role**
      **B.  Oath**
      **C.  Disqualification**
      **D.  Procedures for Cases in Outside Neutral Category I**
          **1.  Selection of Outside Neutral**
              **a.  Designation**
              **b.  No Agreement**
      **E.  Procedures for Cases in Outside Neutral Category II**
      **F.  Date of Mediation (ADR-M) or ADR Option Session (ADR-O)**
      **G.  List of Neutrals**
          **1.  Category I**
          **2.  Category II**
      **H.  Placement on List of Neutrals**
      **I.   Removal from List of Neutrals**
      **J.  Compensation**
      **K.  Neutrals as Counsel in Other Cases**
      **L.  Other Participation**

**IV.     CONFIDENTIALITY** ..........................................................................................**18**

      **A.  General Provision**
      **B.  Exceptions**
      **C.  No Recording**
      **D.  Confidentiality Agreement**

**V.     EVALUATION** ....................................................................................................**20**

**VI.     SANCTIONS** ......................................................................................................**20**

**VII.     ROLE OF DIRECTOR** .....................................................................................**20**

      **A.  Selection**
      **B.  Director Responsibilities**
          **1.  Case Assignment and Program Oversight**
          **2.  Training and Oversight of Neutrals and Participants**
          **3.  Reporting to the Court and Advancing ADR**

# I. OVERVIEW

## A. Principles

The Mediation and Assessment Program (MAP) uses alternative dispute resolution, recognizing that full formal litigation of civil claims can impose large economic and other burdens on parties and can delay the resolution of disputes. When Early-Stage ADR does not result in resolution or is not utilized for certain reasons, Later-Stage ADR may help resolve disputes without the need for evidentiary hearings, formal motions, and/or trial. Settlement is not required under the Program.

Although parties often have different interpretations of the facts and the law, all Program participants must prepare for and engage in ADR in a respectful and professional manner consistent with Section II.A.

Section IV, specifies that confidentiality is applicable to most ADR activities under the Program, including pre-ADR and post-ADR activities. The responsibilities of counsel under the Missouri Rules of Professional Conduct, including but not limited to Rule 4-1.2 (Scope of Representation), Rule 4-1.4 (Communication), and Rule 4-1.1 (Competence) are not modified by the Program.

## B. Definitions

1. **"ADR Option Session" (ADR-O)** is a session other than a Mediation with a Neutral who may also be referred to as a Facilitator. An ADR-O may include the following: mini trials, summary jury trials, facilitative communications (FC), arbitration, neutral evaluation (NE) or early neutral evaluation (ENE), or any other recognized ADR process pursuant to any pilot program of this Court or otherwise recognized by the Administrative Office of the U.S. Courts. Binding arbitration may be used only when all parties agree in writing.

2. **"Days"** for computing any time period in this General Order shall be calendar days, but if the last day of the period falls on a Saturday, Sunday, or legal/federal holiday, then the period continues to run until the next day that is not a Saturday, Sunday, or legal/federal holiday.

3. **"Designation of Neutral"** means the filing in ECF required by the parties for cases assigned to an Outside Neutral for ADR (Category I or Category II). A PDF fillable Designation of Neutral form is on the Court's website and should be completed and filed as an ADR Event. A Designation of Neutral need not be filed in cases assigned to the MAP Director or a Bankruptcy Judge or Magistrate Judge (known as a MAP Judge).

4. **"Director"** means the person who administers the Program. All references to Director refer to the Director of the Program (also known as MAP Director or

4

Program Director). The MAP Director's responsibilities are further addressed in Section VII.

5. **"Early-Stage ADR"** is designed to encourage parties and required participants at an early stage in the litigation to:

    **a.**  confront the facts and issues in their case before engaging in expensive and time-consuming discovery and motion procedures;

    **b.**  engage in early and meaningful discussions of the issues;

    **c.**  consider the views of the opposing side;

    **d.**  consider the projected costs and risks of future proceedings in an effort to settle the case before costs and lawyers' fees have made settlement more difficult; and

    **e.**  consider other methods of resolving their disputes.

6. **"Later-Stage ADR"** is designed to encourage the parties and required participants at a later stage in the litigation to:

    **a.**  consider how the ongoing litigation has impacted the initial views of the respective parties;

    **b.**  consider how further formal proceedings may impact the positions of the parties; and

    **c.**  consider other methods for resolving disputes without the need for further discovery and/or formal rulings by the Court.

7. **"List of Neutrals"**

    **a.**  **"Category I Neutrals"** is the list of individuals maintained by the Program who meet the qualifications to serve as a Neutral and from which the parties may select a Neutral for a case assigned to Category I of the Outside Neutral category. (See Section III.D. and G.)

    **b.**  **"Category II Neutrals"** consists of the list of individuals maintained by the Program who have gone through a separate application and review process with the Court to be on the Category II List. Individuals on the Category II List may be selected by the Director as a Neutral when a case is assigned to Category II. (See Section III.E. and G.)

5

8. **"MAP Judge"** is a Bankruptcy Judge or Magistrate Judge assigned to a case for Mediation or ADR Option Session. A MAP Judge may issue any additional orders the MAP Judge deems appropriate consistent with the purpose of the Program.

9. **"Mediation"** (**ADR-M**) is a process in which a neutral third party (known as a Mediator or Neutral) assists the parties in developing and exploring their underlying interests and legal positions to determine possible options which may result in resolution of the disputes, in whole or in part.

10. **"Mediator"** is a neutral third party qualified to conduct a Mediation. When agreed to by the parties and appropriate for a case, a co-mediator may be used. Section III.L.

11. "**Neutral**" is either the MAP Director, an Outside Neutral, or a MAP Judge who serves as a Mediator to effectuate ADR-M or who serves as a Facilitator to effectuate ADR-O consistent with the purpose of the Program. Neutral may also include a Co-Mediator.

12. **"Outside Neutral"** is a person qualified to serve as a Mediator or Facilitator or in some other capacity in the Program to effectuate ADR-M or ADR-O and who is neither the MAP Director nor a Bankruptcy Judge or Magistrate Judge.

13. **"Pro Se"** is a party who represents himself, herself, or any pronoun variation thereof, in a case and does not have the assistance of counsel. A pro se party may have the assistance of counsel pro bono if ordered by any Western District Judge for a limited or broader purpose or may have the assistance of counsel pro bono for the limited purpose of ADR when in the Director's discretion such assistance is appropriate. Pro se individuals are required to conduct themselves consistent with the purpose of the Program.

14. **"Technology"** includes innovative technology applications that when used appropriately can improve access to the judicial process. Use of technology in ADR (known as on-line dispute resolution/ODR or virtual or remote) in the Program shall be consistent with the privacy and security needs of the participants. If participation in an ADR session is permitted virtually (See Section II.F.1.), any participant using technology shall participate by both audio and video absent an unavoidable technological impairment or advance approval from the MAP Director or the MAP Judge assigned to a case. In the event of any virtual ADR-M or ADR-O, participants shall follow the Court's guidelines for virtual sessions and familiarize themselves before the session with the technology that will be used and ensure that the technology meets applicable requirements for confidentiality.

15. **"Timing"** under the Program is specified more particularly herein, but Early-Stage ADR requires the participants to complete the initial ADR session (ADR-M or ADR-O) within 75 days of the Rule 26 conference, absent a written exemption or

modification from the MAP Director. If the case is assigned to a MAP Judge, the MAP Judge has the discretion to modify the deadline for the initial ADR session.

**16.** **"Western District Judge"** means any judge within the Western District of Missouri, whether Article I or Article III.

## II.   ADMINISTRATION

### A.  Scope

Any civil case may be assigned to Early-Stage ADR or Later-Stage ADR, though the following cases are typically excluded from the Program: Social Security Appeals, Bankruptcy Appeals, Habeas Corpus actions, Prisoner cases, Pro se cases where a motion for appointment of counsel is pending, Student Loan cases, and Citizenship or Immigration cases. The Court may adopt a pilot program for case assignments. Additionally, any Western District Judge or the MAP Director has the discretion to assign any case to the Program at any stage of the proceedings.

All Early-Stage ADR assignments are randomly assigned to Mediation with a Neutral who is either:

1.  the MAP Director;
2.  an Outside Neutral (Category I or Category II); or
3.  a Bankruptcy Judge or a Magistrate Judge.

A party may request an ADR Option Session in lieu of Mediation. If the case is assigned to the MAP Director or an Outside Neutral, the MAP Director has the discretion to allow ADR-O in lieu of ADR-M.  If the case is assigned to a MAP Judge, the MAP Judge has the discretion to allow ADR-O in lieu of ADR-M.

Should the parties wish to be considered for an ADR Option Session and the case has been assigned to an Outside Neutral, requests for ADR-O must be directed to the MAP Director via e-mail or facsimile within three (3) days after the Rule 26 conference.

If the parties wish to engage in ADR-O in lieu of ADR-M but cannot agree on the method of ADR-O, the MAP Director may, in his or her discretion, select the method of ADR-O to be utilized. The MAP Director may not select binding arbitration unless all parties agree in writing.

### B.  Notice to Parties

Notice to the parties of cases selected for the Program shall be provided as follows:

**1.**  The parties will receive electronic Notice of Inclusion in the Program and assignment of their case to the MAP Director, a MAP Judge, or the Outside Neutral, Category I or Category II.

**2.** The Clerk shall mail a copy of the Notice of Inclusion to any pro se litigant who does not utilize ECF.

**3.** In pro se matters or other matters in which the Clerk is required to issue service, the Notice of Inclusion shall be attached by the Clerk to each summons issued in such action.

**4.** Plaintiff's counsel shall serve a copy of the Notice of Inclusion on defense counsel in conjunction with service of the Complaint or, if applicable, Defendant's counsel shall serve a copy of the Notice of Inclusion on Plaintiff's counsel when serving a Notice of Removal.

## C. Timing

The initial ADR session, whether ADR-M or ADR-O, shall occur within 75 days after the Rule 26 meeting absent an extension being granted by the MAP Director. If, however, the original MAP assignment is to a MAP Judge or the MAP Director, those individuals have the discretion to modify timing consistent with the purpose of the Program.

If good cause exists for extension of the initial ADR session, the request shall be submitted in writing via e-mail or facsimile to the MAP Director for consideration in accordance with Section II.M. and shall not be filed with the Court.

## D. Location

All ADR sessions shall be held in the city of the divisional office in which the case is pending, unless otherwise agreed to in advance by the parties and approved by the person conducting the ADR session, or unless otherwise determined in advance by the Director or any Western District Judge.

## E. Additional Sessions

Additional ADR sessions may be required at the discretion of the Director, the MAP Judge assigned to the case, or any Western District Judge.

## F. Attendance/Participation

### 1. In-Person Provisions

**Required participants for Mediation or other ADR Option Session shall attend in person unless**: a) any Western District Judge has issued an exemption; b) the MAP Director provides a written exemption; or c) the assigned or designated Neutral has determined that each participant requesting to engage via technology (defined in Section I.B.14) will comply with such Section and any guidelines issued by the Court, and the purpose of the Program can be achieved by such participation.

### 2. Required Participants

The following individuals must personally participate in all ADR sessions unless excused by the MAP Director or by the MAP Judge:

1. Lead trial counsel (In some instances, it may be appropriate for local counsel to also be included.  If in doubt, include local counsel.);

2. All named parties[1];

3. If insurance is involved[2], an authorized insurance representative with full authority;

4. Any other individual whose participation may be necessary to reach any agreement toward resolution, in whole or in part; and

5. Any other individual required by any Western District Judge, an Outside Neutral, or the MAP Director.

## G. Written Statements

Any Neutral may require ADR session statements, which may be mailed, sent via facsimile, or e-mailed. Such writings shall not be filed with the Court, nor shall such writings be submitted to the Judge assigned to hear the case.

## H. Mediation and Other ADR-Related Activities

Any Neutral assigned to any case under the Program has discretion to conduct pre-mediation and post-mediation and other ADR-related communications.  The communications may occur via telephone, e-mail, in person, virtually or otherwise to facilitate the purpose of the Program.  Such communications may include pre-session conferences to address with the parties and/or counsel, individually or jointly, any of the

---

[1] If a named party is an LLC, partnership, business entity, or corporation, such party must have an authorized representative with full authority on behalf of the LLC, partnership, business entity, or corporation participate in the ADR session(s). An attorney of record for such named party does not constitute an authorized representative under the General Order.

[2] If any insurance policies are involved in whole or in part in the case on behalf of any named party, whether primary, excess, umbrella or otherwise, the appropriate representative of the insurance carrier with full authority shall participate. A carrier representative cannot be an attorney of record in the case. A third-party administrator who lacks full authority to settle does not constitute an appropriate representative under the General Order.

following: 1) what discovery or additional discovery is needed; 2) a plan for sharing the important information and/or conducting the key discovery that will equip the parties, as expeditiously as possible, to enter meaningful resolution discussions; and 3) any other matters to assist with meaningful discussions toward resolution. Such communications shall be handled in accordance with Section IV. Any questions or concerns regarding confidentiality should be addressed in a timely manner with the MAP Director.

## I. Preparation and Engagement

Although settlement is not required under the Program, all participants are expected to prepare for and engage in ADR consistent with the purpose of the Program. Any Neutral or staff member of any Neutral may request communications via e-mail, facsimile, virtually, or otherwise with one or more parties and/or counsel in advance of any ADR session. Such requests should be addressed promptly and professionally to achieve the purpose of the Program.

Conduct by a party or counsel under the Program with respect to preparation and/or engagement may be grounds for sanctions by the Judge assigned to hear the case or by any other Judge who may be assigned to consider sanctions. (Section VI.; see also Section II.O.).

## J. Status Reports

The MAP Director may request a status report from any party, counsel for any party, or the Neutral assigned to the case under the Program at any time. Failure of the parties, counsel, or any Neutral to timely provide requested information may be grounds for sanctions under Section VI. (See also Section II.O.).

## K. Post-Mediation and Other Post-ADR Reports

When an Outside Neutral conducts an ADR session, a post-ADR report, found as a fillable PDF form on the Court's website, shall be sent to the MAP Director and not filed with ECF. The Report should be sent via e-mail or facsimile within 10 days after the ADR session and shall include the following:

1. the date and length of the session;

2. whether all required parties and representatives participated, and if so, the mode of participation by all participants;

3. whether or not the case settled;

4. whether or not an additional session might be helpful in resolving the matter; and

5. if additional assistance would help, the ideal timing of the next session, and the specific discovery necessary before additional assistance is productive.

10

The report may be sent by the Outside Neutral, jointly by the parties, or separately by an authorized representative of a party. As set forth in Section II.J. above, the MAP Director may request additional information from any of the participants.

**L. Notice of Settlement**

If the parties settle the case prior to any ADR session, the MAP Director and the Court shall be advised promptly.

**M. Extensions**

1. Other than cases assigned to a MAP Judge, requests for extensions of Program deadlines and events **shall be made in writing via e-mail or facsimile to the MAP Director** no later than five (5) days after the Rule 26 conference, unless there is an exigent circumstance which warrants requesting an extension at a later time.

   The request shall detail and provide a good cause reason for the request and the opposing party's position on the requested extension. The MAP Director may grant or deny the request in his or her discretion. Appeals from the MAP Director's decision, while discouraged, may be made by written motion to the Judge assigned to hear the case.

2. If good cause exists to request a change in the date of ADR session set by the assigned MAP Judge, such request shall be made in writing to the MAP Judge within five (5) days after notice of the ADR session or within the timeframe otherwise set by the MAP Judge. The MAP Judge may grant or deny the request in his or her discretion. The decision of a MAP Judge on any such request is not appealable.

3. If the MAP Director or the MAP Judge schedules an initial ADR session outside the 75-day period following the Rule 26 meeting, such scheduling operates as an automatic and acceptable extension under this Section without requiring any additional action by counsel or the parties.

**N. Opting Out**

Cases will not normally be allowed to opt out of the Program. However, there may be times where good cause can be demonstrated for opting out. Absent exigent circumstances, opt out requests shall be sent via e-mail or facsimile to the MAP Director and not filed in ECF within three (3) days after the Rule 26 conference and detail the reasons for the request.

Consistent with the purpose of the Program, the MAP Director may grant or deny the request in his or her discretion. Appeals from the Director's decision, while discouraged, may be made by written motion to the Judge to whom the case is assigned.

### O. Reports of Violations

Absent any participant engaging in the Program in a manner which may require immediate reporting to law enforcement or a legal governing authority, potential violations of the Program shall be directed in writing via e-mail or facsimile to the MAP Director and should not be filed with the Court. In the event of a potential violation requiring an ECF filing, any party pursuing such filing should take steps for filing under seal consistent with Section IV.

### P. Questions

Questions regarding the Program or requests for modification of the Program's requirements should initially be directed to the Director and should not be filed with the Court.

Written communications with the Director should be sent via e-mail or facsimile as follows:

> E-mail:  map@mow.uscourts.gov
> Facsimile: (816) 512-5089

Telephone calls may be directed to the MAP Office at (816) 512-5080.

## III. PROVISIONS GOVERNING NEUTRALS

### A. Role

A Neutral must avoid any financial interest in the case or with any of the participants in the case and must comply with all applicable oaths and/or recognized applicable standards.

Depending on the form of ADR used, the Neutral may exercise discretion to give to any or all participants:

1. an estimate, where feasible, of the likelihood of liability and the dollar range of damages;

2. an opinion of the verdict or judgment if he or she were the trier of fact;

3. an assessment of key evidentiary and tactical issues; and

4. a nonbinding, reasoned evaluation of the case on its merits, including addressing the strengths and weaknesses of the case.

**A Neutral may not give the participants legal advice even if one or more of the participants is pro se.**

A Neutral does not rule upon questions of fact or law and may not render any final judgment in the case. A Neutral's neutral evaluation or early neutral evaluation does not constitute legal advice nor serve as a final judgment.

A Neutral does not have the power to impose a settlement or to dictate any agreement regarding the pretrial management of the case. This provision shall not preclude the parties from reaching an agreement with assistance from the Neutral as to the appropriate exchange of information to facilitate the purpose of the Program, so long as it does not contradict or conflict with the Scheduling Order or any other case management order.

For cases assigned to a MAP Judge which are settled, settlement terms may be put on the record consistent with the confidentiality provisions in Section IV. If a settlement needs to be put on the record and the ADR session is not with a MAP Judge, the parties are responsible for making the necessary arrangements for the record consistent with the confidentiality provisions of Section IV.

## B. Oath

Before acting as a Neutral, the individual shall agree to and sign the oath or affirmation prescribed under the Program to: 1) faithfully and impartially discharge and perform all duties incumbent under the Constitution of the United States and the Constitution of Missouri; and 2) serve with dignity and respect and in accordance with the Program and any other applicable standards and/or rules.

## C. Disqualification

Any party who believes that a Neutral has a conflict of interest or should be disqualified shall request a conference with the MAP Director (to discuss the conflict of interest or disqualification) (so that the matter can be addressed and resolved without involvement of the Judge assigned to hear the case).

## D. Procedures for Cases in Outside Neutral Category I

### 1. Selection of Outside Neutral

    **a. Designation**. The parties or their counsel shall within fourteen (14) days after the Rule 26 meeting select a mediator from the List of Neutrals – Category I, and electronically file a Designation of Neutral notice as an ADR event in ECF with the following information: 1) the date, time, and location[3] of mediation; and 2) the mediator's name. If the Director has consented to the use of a Neutral not on the List of Neutrals, the designation should state that the Neutral has been approved by the Director. Requests to use a Neutral not on the List shall be submitted at least five (5) days prior to the date for filing the Designation via

---

[3] If the parties are authorized to engage in a virtual ADR session, the Designation shall state the mode of participation.

e-mail or facsimile to the Director and shall include the reason for the request along with the proposed neutral's bio or CV. The Director has the discretion whether to approve an individual not on the List and the Director's decision is not appealable.

b. **No Agreement**. If the parties do not agree on, or choose not to select, an Outside Neutral to conduct Mediation (ADR-M), the Director will give the parties a list of potential mediators selected by the Director. The number of potential mediators on the list will be twice the number of "sides" in the litigation plus one. (For example, in litigation having two "sides," the list will contain five names.) The parties shall have seven (7) days from the date on the list of potential mediators to:

  i. agree as to a mediator on the list and to report the selection of the agreed mediator to the Director in writing, or

  ii. designate a "strike" of the names of two potential mediators on the list of potential mediators. The strikes shall be in writing and shall be delivered to the Director, preferably by e-mail or facsimile.

  Unless the parties have agreed on a mediator as set out above, the Director shall designate one of the persons remaining on the list of potential mediators and shall promptly notify the parties and the mediator of the designation.

  Upon failure of counsel to file the Designation of Neutral with all required information or to secure a mutually agreeable date, the Director may fix the date, time, place, and mode for the ADR session.

## E. Procedures for Cases in Outside Neutral Category II

With assignments to Outside Neutral Category II, the MAP Director will assign a Neutral to the case from individuals on the List of Neutrals – Category II. The MAP Director will provide written notification of the Neutral assignment along with the Neutral's contact information to the parties. The parties are then required to contact the Neutral to schedule mediation, although the parties may request from the Director an ADR-O within five (5) days after receiving written notification from the Director of the assigned Neutral.

If the parties agree to proceed with ADR-M, they must file a Designation of Neutral (ADR event in ECF) within ten (10) days after receiving written notification from the MAP Director of the Neutral's contact information. The Designation of Neutral shall contain the Neutral's name and the date, time, place, and mode of mediation. If the parties request and are permitted to engage in ADR-O in lieu of ADR-M, the MAP Director will work with the parties on the method of ADR-O requested consistent with the purpose of the MAP General Order.

If there is a conflict with the Neutral selected by the Director or the parties exhibit good cause that they cannot proceed with the assigned Neutral, the parties must immediately advise the Director in writing via e-mail or facsimile of the conflict or reason for good cause. The Director has discretion to determine how to proceed. The Director's determination of how to proceed is not appealable.

**F. Date of Mediation (ADR-M) or ADR Option Session (ADR-O)**

Section II.C. governs the timeframe within which ADR-M or ADR-O shall occur. The Outside Neutral may, with the consent of all parties and counsel, reschedule the ADR session to a date not later than ten (10) days after the scheduled date. Any continuance beyond that time or any continuance of the ADR session deadline itself must be approved by the Director in accordance with Section II.M.

**G. List of Neutrals**

**1. Category I**

The Director shall prepare a list of persons who appear to have the minimum requirements to serve as a Neutral, with primary consideration being given to individuals who meet the requirements to serve as a Mediator since Mediation is the primary form of ADR offered by the Program. The Director has the sole discretion whether to include an individual on the List of Neutrals and the decision of the Director is not appealable.

**Being on the List is not an endorsement by the Director or the Court of any individual's qualifications for any case.**

**2. Category II**

The Director shall prepare a list of persons, not to exceed 25, who have been selected as meeting the qualifications necessary to be considered for assignment to cases at the determination of the Director. Selection to the Category II List is based in part on a review by the MAP Director and a Western District Judge.

Any individual placed on the Category II List shall be on the List for a period not to exceed three (3) years, with individuals on the initial List holding staggered terms. Renewals thereafter will be based on guidelines under the Program absent removal from the List in accordance with Section III.I.

**H. Placement on List of Neutrals**

Any applicant to the List of Neutrals, whether Category I or Category II, must attest to the following: 1) they have not demonstrated any trait or behavior that is reasonably believed to be contrary to the effective and efficient management of the Program; 2) they are not the subject of any disciplinary proceeding or law enforcement investigation which involves

truthfulness or other matters contrary to the administration of justice; and 3) they agree to serve pro bono periodically as assigned by the Director or any Western District Judge. The Director may require that an applicant provide a suitable reference letter from a colleague, judge, court administrator, or ADR training provider attesting to the person's suitability for the Program, including a reference as to the applicant's character. Any applicant able to provide the required attestation may be considered for placement on the List of Neutrals if the applicant also meets the requirements within any classification below:

| Classification | Requirements |
|---|---|
| **Attorneys** | Admitted to and in good standing before this Court; <br><br> Exposure to Mediation in federal court or have mediated cases in other settings or otherwise have suitable and substantial ADR experience consistent with the purpose of the Program; <br><br> Admitted to the practice of law for at least five (5) years; and <br><br> Completed at least 16 hours of Mediation or other appropriate ADR training (other than exclusively on-line) or been certified under Missouri Rule 17 or its equivalent. |
| **Current or Former Judges** | Who have served as a United States Judge or Judge for the State of Missouri in one or more of the following roles: Appellate Judge, District Judge, Magistrate Judge, Bankruptcy Judge, Circuit Judge; and <br><br> Completed at least 16 hours of Mediation or other appropriate ADR training (other than exclusively on-line) or been certified under Missouri Rule 17 or its equivalent. |
| **Non-Attorneys** | Obtained a degree or extensive specialized training in alternative dispute resolution, conflict management, or another discipline; and <br><br> Completed at least 16 hours of Mediation or other appropriate ADR training (other than exclusively on-line) or been certified under Missouri Rule 17 or its equivalent. |
| **Other Individuals** | Individuals (whether attorneys, non-attorneys, and/or current and/or former judges) who do not otherwise meet |

| | the specific requirements to be on the List but whom the Director determines to be appropriately qualified to conduct ADR-M or ADR-O consistent with the purpose of the Program. |
|---|---|

All individuals selected to be on the List of Neutrals (Category I or Category II) must update their contact and hourly rate information and provide other information as requested by the Director annually but no later than September 1 of each year.

## I. Removal from List of Neutrals

The MAP Director may remove any person from the List of Neutrals, Category I or Category II, for any reason consistent with the management of the Program, including but not limited to the Outside Neutral's failure to: provide required reports, attend any required training sessions, contribute pro bono Mediation or other pro bono ADR services if requested, timely mediate or conduct other ADR, comply with the purpose of the Program, or adhere to obligations under or behaviors consistent with the effective and efficient management of the Program. The Director's decisions regarding removal are not appealable.

## J. Compensation

1. An Outside Neutral on the List of Neutrals, Category I or Category II, shall be compensated at no more than the hourly rate listed by them in their application filed with the Director and shown on the List of Neutrals, which may be updated on the List of Neutrals at the request of the Outside Neutral. An Outside Neutral may charge for reasonable and necessary preparation time and for reasonable and necessary follow-up after any ADR session. If agreed in writing and in advance between the Outside Neutral and the parties, the Outside Neutral may be compensated at a different hourly rate or by an alternative arrangement as stated in such agreement. An Outside Neutral may also charge for the reasonable and necessary use of a co-mediator, provided all parties consent in advance of the ADR session.

2. The MAP Director may promulgate additional guidelines for Outside Neutrals for allowable charges (e.g., for research, preparation, opinion writing, etc.) and expenses, but is not responsible for the collection or payment of any allowable charges or expenses.

3. Absent agreement to the contrary, or unless the Director determines otherwise, the cost of the Outside Neutral's services shall be borne equally by the parties.

4. Except as provided in this section, a Neutral shall not charge or accept anything of value from any source connected with a case in which the Neutral is serving under the Program.

### K.  Neutrals as Counsel in Other Cases

Any person who is designated as an Outside Neutral pursuant to this General Order, whether Category I or Category II, shall not for that reason be disqualified from appearing as counsel in any other unrelated case pending before the Court.

### L.  Other Participation

In the discretion of the Neutral and with the agreement of the parties, and barring any other conflict of interest as determined by the Neutral, a Neutral may allow the following individuals to attend an ADR session provided all such individuals agree to abide by the provisions of the MAP General Order and any applicable confidentiality agreement: 1) a spouse, partner, or support person of a party; b) an observer such as a student or law clerk; or 3) a co-neutral or co-facilitator who is or is not an attorney (such as a therapist, physician, clergy, or other appropriate individual). A MAP Judge assigned to a case has the discretion to have a staff member or intern participate in an ADR session without the agreement of the parties provided that, in the opinion of the MAP Judge, there is not otherwise a conflict of interest.

## IV.  CONFIDENTIALITY

### A.  General Provision

This Court, the parties, their counsel, any Neutral, or any other participant in the Program shall treat as confidential the contents of any ADR session statement or materials, whether via e-mail, facsimile or otherwise, or anything said in connection with any ADR session, to the extent consistent with the General Order and the purpose of the Program, including any position taken and any views of the case as expressed by any participant or Neutral. Confidential information shall not be disclosed to: 1) anyone not involved in the litigation; 2) the assigned Judge; or 3) for any impeachment in any pending or future proceeding in this Court or any other forum, unless otherwise excepted in Section IV.B. below.

**No Neutral shall be inquired of or called as a witness or deponent in any proceeding related to the dispute in which the Neutral served nor be compelled to produce documents that the Neutral received or prepared for any ADR session, including documents prepared by any staff person acting at the direction of any Neutral.**

Any questions or concerns regarding confidentiality should be addressed in a timely manner with the MAP Director.

### B.  Exceptions

The General Provision regarding confidentiality does not prohibit:

1. Disclosure as stipulated in writing by all parties, counsel, and the Neutral.

2. Disclosure of a fully executed term sheet, settlement agreement, or resolution placed on the record to enforce a settlement except that, in the event any portion of such sheet, agreement or resolution contains a confidentiality provision, the parties shall take appropriate steps for submission under seal and/or for a protective order and shall not disclose confidential information unless ordered by this Court.

3. Disclosure of activity by any participant in the Program that requires mandatory reporting, or which is required by court order.

4. Disclosure of a threat or plan to inflict bodily harm or commit a violent crime.

5. Disclosure made in a subsequent confidential ADR session in that same case, or which involves one or more of the parties that were involved in a prior and related confidential ADR session.

6. Disclosure, discoverability, or admissibility of information or documents otherwise discoverable under the Federal Rules of Civil Procedure simply because of its introduction or use in any ADR session.

7. The Neutral, parties and/or counsel providing ADR session reports or status reports to the Director or other reports requested by the Director.

8. The Neutral, parties, and/or counsel otherwise providing information to the Director regarding a possible violation of this General Order.

9. The Neutral or Director from advising the assigned Judge or Court en banc regarding noncompliance by any parties, ADR participants, and/or any counsel with this General Order.

10. The Director from attending any Program session and/or discussing or otherwise communicating with any MAP participant, any communication, comment, assessment, evaluation, or recommendation consistent with the purpose of the Program.

11. The parties, counsel, the Neutral, or Director from responding to inquiries by persons duly authorized by the Court to analyze and evaluate the Program. The names of the people responding and any information that could be used to identify specific cases or parties shall be confidential.

12. If the parties utilize an ADR-O where confidentiality may not be appropriate, the Neutral shall require all parties and counsel to sign a written agreement that

confidentiality is not applicable, in whole or in part, although a MAP Judge may serve as a Neutral in ADR-O without a written agreement.

### C. No Recording

No recording shall be made of any ADR session, nor shall the parties or their counsel utilize private court reporters or any other type of recording technology during any ADR session unless all parties agree in writing (e.g., binding arbitration).

### D. Confidentiality Agreement

The Neutral may require any participant in any ADR session to sign a confidentiality agreement. The Neutral may decline to conduct any ADR session if any participant declines to sign a confidentiality agreement.

## V.    EVALUATION

The Court may require evaluation of the Program to: 1) determine the success of the Program in expediting the processing of cases and reducing costs; 2) measure the satisfaction of the parties with the Program; 3) explore enhancements or changes to the Program; and/ or 4) compare components or elements of the Program.

## VI.    SANCTIONS

The Judge assigned to the case or any other Judge who may be referred a case for consideration of sanctions under the Program may sanction any party and/or counsel for: 1) refusing to cooperate or timely cooperate in the Program; 2) failing to timely comply with requests consistent with the Program; 3) failing to participate in the Program consistent with the provisions and spirit of the General Order; and/or 4) failing to abide by any rule or guidelines applicable to any participant in the Program.

## VII.    ROLE OF DIRECTOR

### A. Selection

The MAP Director shall be selected by the Court.

### B. Director Responsibilities

In addition to any responsibilities or duties noted elsewhere in this General Order or as assigned by the Chief Judge, the MAP Director shall have the following responsibilities:

#### 1. Case Assignment and Program Oversight

Oversee the assignment, and where necessary reassignment, of cases in the Program, and select Neutrals from the Category II List for cases assigned to

20

Category II. To the extent not otherwise handled automatically by ECF, assign cases for Mediation or an ADR Option Session to: United States Magistrate Judges, United States Bankruptcy Judges, Outside Neutrals, the Director, and if a United States District Court Judge consents to the assignment, cases may be assigned to a United States District Court Judge.

Require, in his or her discretion, parties to submit ADR session statements or materials, of a reasonable length at an appropriate time in advance of any ADR session, including Mediation, and request other documents and information as appropriate.

Assist in monitoring the evaluation of the Program, including participation in the development, compilation and analysis of surveys, questionnaires and focus groups for counsel, parties, and other participants.

Select, organize, and lead, in his or her discretion, a group or advisory board to provide input and suggestions for the Program as needed and as time permits.

Conduct ADR sessions in the Director's discretion and as time permits.

Direct and administer the Program, including any pilot programs, and/or develop guidelines, protocols, and rules consistent with this General Order and coordination of all activities with the office of the Western District Clerk.

Develop policies to address the collection of files, written statements, and other confidential materials for storage and destruction.

## 2. Training and Oversight of Neutrals and Participants

Require individuals on the List of Neutrals, Category I or Category II, to serve pro bono if needed for selected cases, whether as a Neutral or as counsel for a pro se individual for the limited purpose of an ADR session(s). Such assignment shall be made using a fair process in the sole discretion of the MAP Director. The MAP Director shall develop guidelines for determining whether a case qualifies for pro bono assignment.

Organize and conduct, in the Director's discretion, training or other sessions for participants in the Program, including Neutrals.

Timely review, and if necessary, investigate complaints concerning the conduct of any participant in the Program to determine the appropriate course of action, including potential reporting of violations to the assigned Judge for consideration of sanctions under Section VI. The Director shall not be called as a witness or deponent in any dispute or be compelled to produce documents prepared by the Director in connection with any investigation.

### 3. Reporting to the Court and Advancing ADR

Report to the Court on the status of the Program and make appropriate recommendations for modifications of the Program.

As time permits, assist other courts in implementing and developing ADR.

Teach courses on ADR and allow law clerks, students and others to attend ADR sessions as appropriate and consistent with the Program and as time permits.

August 1, 2023