IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> KACEY CAVINESS p/k/a KACEYTRON, an individual, and DOES 1-10, <br><br> Defendants. | Case No.: 4:25-cv-00459-LMC |

## DEFENDANT'S ANSWER TO COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant KACEY CAVINESS p/k/a KACEYTRON ("Defendant") hereby answers the Complaint of Plaintiff TED ENTERTAINMENT, INC., a California Corporation ("Plaintiff") as follows.

## ANSWER TO COMPLAINT

1. Paragraph 1 contains legal conclusions to which no response is required. Notwithstanding the foregoing, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

2. Defendant denies the allegations in Paragraph 2 of the complaint.

3. Answering Paragraph 3, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

4. Defendant denies the allegations in Paragraph 4 of the complaint.

5. Defendant denies the allegations in Paragraph 5 of the complaint.

6. Paragraph 6 contains legal conclusions to which no response is required. Notwithstanding the foregoing, Defendant denies this allegation.

7. Paragraph 7 contains legal conclusions to which no response is required.

8. Paragraph 8 contains legal conclusions to which no response is required.

9. Paragraph 9 contains legal conclusions to which no response is required.

10. Answering Paragraph 10, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

11. Defendant admits the allegations in Paragraph 11 of the complaint.

12. Answering Paragraph 12, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

13. Answering Paragraph 13, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

14. Paragraph 14 contains legal conclusions to which no response is required. Notwithstanding the foregoing, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

15. Paragraph 15 contains legal conclusions to which no response is required. Notwithstanding the foregoing, Defendant lacks sufficient knowledge or information to form a believe concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

16. Answering Paragraph 16, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

17. Defendant admits the allegations in Paragraph 17 of the complaint.

2

18. Defendant denies the allegations in Paragraph 18 of the complaint.

19. Defendant denies the allegations in Paragraph 19 of the complaint.

20. Defendant denies the allegations in Paragraph 20 of the complaint.

21. Answering Paragraph 21, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

22. Answering Paragraph 22, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

23. Answering Paragraph 23, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

24. Answering Paragraph 24, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

25. Answering Paragraph 25, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

26. Answering Paragraph 26, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

27. Answering Paragraph 27, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

28. Answering Paragraph 28, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

29. Answering Paragraph 29, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

30. Paragraph 30 contains legal conclusions to which no response is required. Notwithstanding the foregoing, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

31. Answering Paragraph 31, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

32. Answering Paragraph 32, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

33. Answering Paragraph 33, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

34. Answering Paragraph 34, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

35. Answering Paragraph 35, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

36. Answering Paragraph 36, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

37. Answering Paragraph 37, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis

denies such allegations.

38. Answering Paragraph 38, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

39. Answering Paragraph 39, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

40. To the extent the allegations set forth in Paragraph 40 purport to summarize or characterize the contents of *The Nuke*, the document speaks for itself. Notwithstanding the foregoing, Defendant denies the allegations in Paragraph 40 of the complaint.

41. Answering Paragraph 41, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

42. Answering Paragraph 42, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

43. Defendant denies the allegations in Paragraph 43 of the complaint. Further, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein against H3Snark Mods.

44. Paragraph 44 contains legal conclusions to which no response is required.

45. Paragraph 45 contains legal conclusions to which no response is required.

46. Paragraph 46 contains legal conclusions to which no response is required.

47. Paragraph 47 contains legal conclusions to which no response is required.

48. Paragraph 48 contains legal conclusions to which no response is required.

49. Paragraph 49 contains legal conclusions to which no response is required.

50. Paragraph 50 contains legal conclusions to which no response is required.

51. Paragraph 51 contains legal conclusions to which no response is required.

52. Paragraph 52 contains legal conclusions to which no response is required.

53. Paragraph 53 contains legal conclusions to which no response is required.

54. Paragraph 54 contains legal conclusions to which no response is required.

55. Paragraph 55 contains legal conclusions to which no response is required.

56. Paragraph 56 contains legal conclusions to which no response is required.

57. Paragraph 57 contains legal conclusions to which no response is required.

58. Paragraph 58 contains legal conclusions to which no response is required.

59. Paragraph 59 contains legal conclusions to which no response is required.

60. Paragraph 60 contains legal conclusions to which no response is required.

61. Paragraph 61 contains legal conclusions to which no response is required.

62. To the extent the allegations set forth in Paragraph 62 purport to summarize or characterize the contents of the referenced document, the document speaks for itself. Notwithstanding the foregoing, Defendant denies the allegations in Paragraph 62 of the complaint.

63. Defendant denies the allegations in Paragraph 63 of the complaint.

64. Defendant denies the allegations in Paragraph 64 of the complaint.

65. Defendant denies the allegations in Paragraph 65 of the complaint.

66. Defendant denies the allegations in Paragraph 66 of the complaint.

## FIRST CLAIM FOR RELIEF

### (For Direct Copyright Infringement – Against Kaceytron)

67. Defendant re-alleges and incorporates by reference each and every answer contained in Paragraphs 1-66 as though fully set forth herein.

68. Answering Paragraph 68, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

69. Defendant admits the allegations in Paragraph 69 of the complaint.

70. Defendant denies the allegations in Paragraph 70 of the complaint.

71. Defendant denies the allegations in Paragraph 71 of the complaint.

72. Defendant denies the allegations in Paragraph 72 of the complaint.

73. Defendant denies the allegations in Paragraph 73 of the complaint.

## SECOND CLAIM FOR RELIEF

**(Contributory Copyright Infringement – Against The H3 Snark Mods)**

74. Defendant re-alleges and incorporates by reference each and every answer contained in Paragraphs 1-73 as though fully set forth herein.

75. Answering Paragraph 75, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

76. Answering Paragraph 76, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

77. Answering Paragraph 77, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

78. Answering Paragraph 78, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

79. Answering Paragraph 79, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

## AFFIRMATIVE DEFENSES

Without admitting the truth of any allegation set forth in the Complaint, Defendant asserts the following affirmative defenses to the Complaint and each and every cause of action purportedly stated therein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint, and each and every cause of action set forth therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Fair Use Doctrine)

2. The Complaint and each and every cause of action set forth therein, is barred, in whole or in part, or damages otherwise limited, based on the doctrine of fair use under 17 U.S.C. § 107.

## THIRD AFFIRMATIVE DEFENSE

### (Express License)

3. The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, to the extent Plaintiff granted an express license to any alleged direct infringer's use of Plaintiff's copyrighted work.

## FOURTH AFFIRMATIVE DEFENSE

### (Implied License)

4. The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, to the extent Plaintiff granted an implied license to any alleged direct infringer's use of Plaintiff's copyrighted work.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6. The Complaint, and each and every cause of action set forth therein, is barred in whole or in part by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7. The Complaint, and each and every cause of action set forth therein, is barred in whole or in part by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

### (Justification/Excuse)

8. Any of Defendant's actions taken with respect to Plaintiff were justified and/or excused, thereby barring Plaintiff's claims.

### NINTH AFFIRMATIVE DEFENSE

### (Consent)

9. The Complaint, and each and every cause of action set forth therein, is barred in whole or in part to the extent Plaintiff expressly or impliedly consented to the alleged acts and omissions by Defendant as described in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

10. The Complaint, and each cause of action therein, is barred in whole or in part, or damages otherwise limtied as to Defendant to the extent any infringing activity by Defendant was innocent.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Injury or Damages)

11. The Complaint, and each cause of action therein, is barred in whole or in part, or damages otherwise limited as to Defendant to the extent Plaintiff suffered no injury or damages.

### TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

12. The Complaint, and each cause of action therein, is barred in whole or in part, or damages otherwise limited at to Defendant to the extent Defendant acted in good faith and without any intention of injuring Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

13. The Complaint, and each cause of action therein, is barred in whole or in part, or damages otherwise limited as to Defendant as a result of Plaintiff's inequitable conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

14. Plaintiff would be unjustly enriched if allowed to recover to the extent as alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

15. The Complaint, and each and every cause of action set forth therein, is barred in whole or in part by the equitable doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Register Copyright)

16. The Complaint, and each and every cause of action set forth therein, is barred in whole or in part to the extent Plaintiff failed to properly or timely register copyrights of the alleged works.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

17. The Complaint, and each purported claim for relief therein, is barred in whole or in part to the extent that Plaintiff failed to provide Defendant adequate notice that Defendant's acts infringed on Plaintiff's copyrights.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

18. Defendant reserves the right to assert additional defenses as discovery and investigation of the facts continue.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of the Complaint;

3. That Defendant be awarded her costs and attorneys' fees incurred in defending this action; and

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

11

Dated: August 15, 2025							Respectfully submitted,

							**FROST LLP**


							By: */s/ Benjamin Kassis*
							Benjamin Kassis, *(Pro Hac Vice)*
							ben@frostllp.com
							Benjamin Grush, *(Pro Hac Vice)*
							bgrush@frostllp.com
							FROST LLP
							10960 Wilshire Boulevard, Suite 2100
							Los Angeles, California 90024
							(424) 254-0441



							**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**


							By: */s/ Stephen M. Hoeplinger*

							Stephen M. Hoeplinger, MO #62384
							hoeplinger@capessokol.com
							CAPES, SOKOL, GOODMAN &
							SARACHAN, P.C.
							8182 Mayrland, Suite 1500
							St. Louis, Missouri 63105
							(314) 754-4828

							*Attorneys for Defendant KACEY CAVINESS p/k/a KACEYTRON*

**DEMAND FOR JURY TRIAL**

    Defendant hereby demands a trial by jury on all issues and causes of action triable by a jury.

Dated: August 15, 2025

Respectfully submitted,

**FROST LLP**

By: */s/ Benjamin Kassis*
Benjamin Kassis, *(Pro Hac Vice)*
ben@frostllp.com
Benjamin Grush, *(Pro Hac Vice)*
bgrush@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
(424) 254-0441


**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Stephen M. Hoeplinger*
Stephen M. Hoeplinger, MO #62384
hoeplinger@capessokol.com
CAPES, SOKOL, GOODMAN & SARACHAN, P.C.
8182 Mayrland , Suite 1500
St. Louis, Missouri 63105
(314) 754-4828

***Attorneys for Defendant KACEY CAVINESS p/k/a KACEYTRON***