# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TED ENTERTAINMENT, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25-0459-CV-W-BCW |
| KACEY CAVINESS, et al., | ) ) ) |
| Defendants. | ) |

## ORDER SETTING DEADLINES FOR FILING OF JOINT
## PROPOSED SCHEDULING ORDER AND FOR RULE 26(f) CONFERENCE

**No motion filed before the scheduling conference relieves the parties from compliance with the terms and provisions of this Order.**

**Any motion that does not comply with the page limitation set forth in L.R. 7.0 shall, unless filed with leave of Court, be stricken from the record.**

Appended to this Order is the "Principles of Civility" adopted by the Kansas City Metropolitan Bar Association. COUNSEL SHOULD BE AWARE THAT THE COURT EXPECTS ADHERENCE TO THESE PRINCIPLES BY ATTORNEYS APPEARING IN THIS DIVISION. FURTHER, THE COURT BELIEVES IT TO BE IN THE INTEREST OF ALL CONCERNED FOR PARTIES TO BE AWARE OF THE COURT'S EXPECTATION. TO THAT END, COUNSEL SHALL FORWARD A COPY OF THE PRINCIPLES TO ALL CLIENTS INVOLVED IN THIS ACTION.

Pursuant to Fed. R. Civ. P. Rule 16 and Local Rule 16.2, this case is set for a pretrial scheduling teleconference on **October 7, 2025, at 2:00 p.m.** The parties are asked to call the Court's conference line at 1-855-244-8681; Access code: 2317 147 1357. The Courtroom

Deputy, Tracy Diefenbach, will arrange participation. Counsel who appears for each party must have authority to agree upon the proposals submitted in the joint proposed scheduling order/discovery plan.

Pursuant to Fed. R. Civ. P. Rule 26(f) and Local Rule 26.1(a), the parties shall meet to discuss settlement, make or arrange for Fed. R. Civ. P. Rule 26(a)(1) disclosures, and develop a proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f). This meeting shall take place no later than **September 16, 2025.** Discovery shall commence immediately after this conference is held.

The parties shall file a joint proposed scheduling order/discovery plan by **September 23, 2025.** Plaintiff's counsel shall take the lead in preparing the proposed plan. The proposed plan shall comply with Local Rules 16.1(d), 16.1(f), 26.1(c) and 26.1(d). The proposed plan shall state the anticipated length of the trial and whether the case will be tried to the Court or to a jury. The proposed trial date shall not be sooner than **150 days** after the deadline proposed for filing of dispositive motions. It is expected that the deadline for completing discovery will not exceed 180 days from when the last defendant was served, unless extended by the Court for good cause.

Pursuant to Fed. R. Civ. P. Rule 26(f)(3)(C), the proposed plan should address any concerns or issues relating to electronically stored information (ESI). If applicable, the plan should address (1) what ESI is available and where it resides; (2) preservation of information; (3) the ease/difficulty and cost of producing such information; (4) the schedule and format of production; and (5) agreements about privilege or work-product protection.

If discovery is to be exchanged pursuant to a Protective Order, the following procedures apply. First, if the parties do not agree to each term of a proposed Protective Order, such dispute is to be resolved pursuant to the requirements of L.R. 37, i.e. completion of the meet and confer

process and a telephone conference with the Court before a party files any motion requesting entry of a protective order. Second, if the parties agree to the terms of a proposed Protective Order, they shall file a Joint Motion for Approval of a Proposed Protective Order. ***The agreed terms of the proposed Protective Order must be incorporated into the Joint Motion.*** If the proposed Protective Order is filed as a document attachment with a signature line to the Joint Motion for Approval of a Proposed Protective Order, it will be stricken by the Clerk's Office. CM/ECF Civil and Criminal Administrative Procedures Manual and Users Guide, Western District of Missouri, revised November 2023, p 8. If the agreed terms of the proposed Protective Order are not incorporated into the Joint Motion for Approval of a Proposed Protective Order, the joint motion for approval will be denied without prejudice to reassertion of the joint motion with the agreed terms incorporated. **In connection with a Joint Motion for Approval of a Proposed Protective Order that incorporates the parties' proposal as to their agreed terms, the parties shall email to the Courtroom Deputy in Word format a proposed order that also incorporates the parties' proposal as to their agreed terms.**

Within fifteen (15) days from the date of this Order, each non-governmental corporate party must file a statement identifying all parent companies, subsidiaries (except wholly owned subsidiaries) and affiliates that have issued shares to the public.

If this case has been removed from state court and if a trial by jury has not already been specifically requested on the face of the Complaint or in a separate filing, the parties shall have twenty (20) days from the date of this Order to file a demand for trial by jury. Failure to file such a jury demand shall constitute a waiver of the right to a trial by jury. See Bruns v. Amana, 131 F.3d 761 (8th Cir. 1997).

These deadlines will not be stayed absent leave of court. Counsel are directed that the filing of motions, including motions to dismiss or remand, does not automatically stay any of the preceding deadlines.

Counsel are advised that the Court does not wish to receive courtesy copies of motions and other filings, except for dispositive motions and the respective responses. Rulings on non-dispositive motions will be expedited if a proposed order is provided to the Court. The proposed order should be typed in Word format and e-mailed to the Courtroom Deputy.

With respect to discovery, counsel are reminded that:

1. The number and form of interrogatories and depositions are governed by Fed. R. Civ. P. Rules 30, 31, and 33.

2. The time permitted for depositions is governed by Fed. R. Civ. P. Rule 30.

3. The procedure for resolving discovery disputes is governed by Local Rule 37.1.

4. The form of answers to certain discovery requests and the disclosures required by Fed. R. Civ. P. Rule 26 are provided in Local Rule 26.2.

5. The filing of motions does not postpone discovery. See Local Rule 26.1(b).

IT IS SO ORDERED.

DATED: August 18, 2025

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

# KCMBA Principles of Civility

**Preamble:** To promote a high level of professionalism, courtesy and to improve professional relationships within and throughout the Kansas City metropolitan legal community, the Kansas City metropolitan Bar Association hereby adopts the following Principles of Civility. Lawyers acting with civility are more effective and achieve better outcomes, build better reputations, and foster respect and professionalism, which breeds job satisfaction. Incivility makes legal matters more difficult to resolve, increases costs, wastes time and resources, and undermines public confidence in the legal system. Thus, we not only encourage, but promote civility among the legal profession and agree to abide by the following Principles of Civility.

1. **Civility and professionalism is essential to the operation of our legal system, and this goal can only by achieved when all participants, (lawyers, judges, court personnel, litigants, etc.) adhere to the principles of civility and professionalism.**

2. **Communicate professionally and respectfully.**

**Comment:** Consideration should be given to the nature and tone of all communication including phone calls, written letters as well as electronic media, emails texts, and social media outlets. Direct and open communication serves to manage expectations and reduces the time and resources required to resolve a matter. Lawyers should refrain from disrespectful communications or disparaging personal remarks. Lawyers should refrain from creating an unnecessary sense of urgency for response; however, inquiries and communications should be made promptly as a matter of professional courtesy. Unless permitted or invited by the court, communications between lawyers should not be sent to the court.

3. **Never deceive another.**

**Comment:** This Principle is not intended to restrict aggressive expression of opinions helpful to a client but is directed against affirmative misrepresentations by lawyers or their staff to others while representing the interests of a client. This Principle does not suggest any obligation (separate from that imposed by existing ethical canons, laws, or discovery rules) for disclosure.

4. **Honor promises and commitments.**

**Comment:** The Principle seeks to avoid a cavalier attitude toward breaking commitments without good cause. A lawyer's word is a bond upon which others rightfully rely.

5. **Respect others' time, schedule, and resources.**

**Comment:** Lawyers should work cooperatively in scheduling all matters, considering the time commitments, schedule, resources, and well-being of themselves, and opposing counsel, parties, the court, witnesses, and all others involved in the legal process. Events requiring opposing counsel including depositions, hearings, meetings, and conferences, should be scheduled by agreement of

5

Case 4:25-cv-00459-BCW    Document 17    Filed 08/18/25    Page 5 of 6

all interested persons whenever posable. Cooperative scheduling results in fewer conflicts and avoids unnecessary expenditures of time and expense. Reasonable requests for extensions of time and/or for waiver of procedural formalities should be permitted when the legitimate interests of the client will not be adversely affected. Lawyers and judges should be mindful that use of technology helps to reduce time, cost, and resources expanded. The law and some courts allow for virtual appearances, but such advancements in technology should not hinder or impact professionalism and preparedness for these appearances.

### 6. Avoid unfounded and unreasonable attacks on lawyers and the judiciary.

**Comment:** Lawyers are encouraged to defend and promote the legal system and the judiciary. Never file or threaten to file an ethical complaint, seek sanctions against or disqualification of an attorney or judge solely for the purpose of obtaining a tactical advantage or any other improper purpose. When motions for sanctions of disqualification are necessary, they should identify the prior reasonable attempts to confer and resolve the dispute at issue and be supported by sufficient evidence.

### 7. Respect the well-being of yourself and others.

**Comment:** The legal profession is known to fall short when it comes to well-being. Studies have shown that an overwhelming number of lawyers and law students are experiencing chronic stress and high rates of depression and substance abuse. Well-being is an indispensable part of a lawyer's duty of competence and lawyers need to work towards increasing greater well-being in the profession. Lawyers should be mindful of and respect their own, and others', health, and state of mind, as well as family obligations, including but not limited to family leave, childcare, and life commitment.

### 8. Refrain from conduct that manifests or causes prejudice or bias, implicit of explicit, based on a person's attributes.

**Comment:** Adherence to the principles of civility requires lawyers and the judiciary to respect diversity in all forms and to uniformly honor these rules of civility without discrimination, bias, or prejudice, and with equal dignity. Biases, conscious and unconscious, manifest in many ways and have varying consequences when we judge or treat others based upon inaccurate stereotypes and assumptions about identities, cultures, race, and ability. We should embrace such attributes as unique identities, ethnicities, race, religion, sex, sexual orientation, gender expression, physical and mental abilities, and socioeconomic status, with dignity and respect. We shall make a deliberate effort to recognize and reduce the impact of our own biases, as well as the biases of others in the profession.