# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TED ENTERTAINMENT, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-CV-0459-BCW |
| | ) |
| KACEY CAVINESS, et al., | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Before the Court is the parties' joint motion for a protective order. (Doc. #23). The Court, being duly advised of the premises, grants the motion pursuant to the following terms and modifications:

**1.0   PURPOSES AND LIMITATIONS**

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order.

The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge that this Protective Order does not control or provide authority to the parties to file Protected Material under seal.

**2.0 DEFINITIONS**

**2.1** **Action:** The pleadings filed in the above-captioned matter and any amendments thereto.

**2.2** **Challenging Party:** A Party or Non-Party that challenges the designation of information or items under this Protective Order.

**2.3** **Counsel (without qualifier):** Outside Counsel of Record and In-House Counsel (as well as their support staff).

**2.4** **Designating Party:** A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.5** **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6** **Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, including any such person's support staff.

**2.7** **In-House Counsel:** Attorneys or individuals responsible for management of litigation, who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.8** **Non-Party:** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.9     Outside Counsel of Record:** Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.10    Party:** Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.11    Producing Party:** A Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.12    Professional Vendors:** Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13    Protected Material**: Any Disclosure or Discovery Material that includes information (regardless of how it is generated, stored or maintained) or tangible things that: (a) contains trade secrets; (b) contains competitively sensitive technical, marketing, insurance, financial, sales materials; (c) contains Protected Health Information or Protected Personal Data Information; (d) is received in confidence from third parties; (e) contains information protected from disclosure under any applicable foreign or domestic law; or (f) the Producing Party believes in good faith to be entitled to protection under this Protective Order, Federal Rule of Evidence 502(d), Federal Rule of Civil Procedure 26(c)(1)(G), or other state or federal law and is designated "CONFIDENTIAL".

**2.14    Protected Personal Data:** Protected Personal Data is information relating to an identified or identifiable living or deceased individual that is protected under state or federal law, including, but not limited to, the individual's name; physical, IP, or email address or other

demographic information; identification number(s); financial information; and location data. Protected Personal Data also includes Protected Health Information, as defined in 2.16. Examples of such data protection laws include but are not limited to the Gramm-Leach-Bliley Act; the Health Insurance Portability and Accountability Act and the regulations thereunder (HIPAA); the privacy provisions in the Affordable Care Act; privacy regulations applicable to the Medicare Advantage Program; the European Union's General Data Protection Regulation (GDPR); California Consumer Protection Act (CCPA); and other state privacy or consumer protection laws.

**2.15** **Protected Health Information:** "Protected Health Information" ("PHI") has the same scope and definition as set forth in 45 C.F.R. § 160.103 and § 164.501. Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, and payment for healthcare provided to an individual, which identifies or reasonably could be expected to identify the individual.

**2.16** **Receiving Party:** A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.0 SCOPE**

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Protective Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or

becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order or any other obligation of confidentiality, including becoming part of the public record through trial or otherwise. The entry of this Protective Order does not prevent any Party from seeking a further order pursuant to Federal Rule of Civil Procedure 26(c) or any applicable state procedural rule or provision governing the terms on which disclosure may be had. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.0  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any amended complaint after a dismissal without prejudice, as well as any motions or applications for extension of time pursuant to applicable law.

**5.0  DESIGNATING PROTECTED MATERIAL**

**5.1  Designating Bulk Material for Protection:** In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce Protected Material without a detailed review, subject to the procedures in the accompanying Rule 502(d) Order or as otherwise agreed to. In doing so, the Designating Party may designate those collections of documents that by their nature contain Protected Material with the appropriate designation, notwithstanding that some of the documents within the collection may not qualify for such designation. The materials that may be so designated shall be limited to such categories as

the Parties agree to in writing or the Court orders. Notwithstanding the foregoing, a Receiving Party may at any time, when it has a good faith basis for believing that one or more particular documents do not contain Protected Material, challenge the designation of one or more particular documents on the grounds that it does not qualify for protection. If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

**5.2** **Manner and Timing of Designations:** Except as otherwise provided in this Protective Order as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order as Protected Material should be clearly so designated before the material is disclosed or produced to the Receiving Party.

Designation in conformity with this Protective Order requires:

(a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that, whenever reasonably practicable, the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material, or, in the case of information produced in native format, insert "CONFIDENTIAL" to name of the native file. If affixing such a legend is not reasonably practicable (such as, for example, in connection with certain electronically stored information), a stamp bearing the applicable confidentiality designation shall be affixed on the medium by which the Disclosure or Discovery Material is produced.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and

6

Case 4:25-cv-00459-BCW    Document 24    Filed 10/06/25    Page 6 of 18

produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material.

(b) <u>For testimony given in deposition or in other pretrial hearing or proceedings</u>, that the Designating Party shall have up to forty-five (45) days from receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 45-day period shall be covered by the provisions of this Stipulated Protective Order. During this 45-day period, no recording or transcript of the testimony shall be disclosed, and no individual attending such deposition or pretrial or trial proceeding shall disclose the contents of the testimony, to any individual other than those described in paragraph 7.3. Upon being informed that certain portions of testimony are to be designated as "CONFIDENTIAL," all parties shall immediately cause each copy of the transcript or recording in its custody or control to be appropriately marked and limit disclosure of that transcript or recording in accordance with the terms of this Protective Order. The use of

a document as an exhibit at a deposition or hearing shall not in any way affect its designation as "CONFIDENTIAL."

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored or designate in the cover letter referring to such information the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(d) <u>Any Protected Health Information</u> or Protected Personal Data produced in this litigation shall be deemed "CONFIDENTIAL" and, as such, treated as "CONFIDENTIAL" even if not explicitly designated.

**5.3** **Designation of Information Produced by Other Parties:** A Party may designate as "CONFIDENTIAL" any document or information produced by testimony given by any other person or entity that the Party reasonably believes qualifies as "CONFIDENTIAL" pursuant to this Protective Order. If any third party produces information that it or any Party in good faith believes constitutes "CONFIDENTIAL" information, the Party or third-party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any Party receiving information from a third party shall treat such information as "CONFIDENTIAL" during this thirty (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential.

**5.4    Failure to Designate:** A failure to designate at the time of production qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material, and the Designating Party may rectify its failure to designate qualified information or items by notifying in writing counsel for all parties to whom the information or items were disclosed that the information or items should have been designated as Protected Material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the Protected Material is treated in accordance with the provisions of this Protective Order.

**5.5    No Waiver of Privilege or Work Product:** If a Producing Party discloses information subject to a claim of attorney-client privilege or attorney work product protection or some other legal privilege or doctrine protecting information from disclosure, the disclosure of the information ("Privileged Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the disclosed information and its subject matter. This provision is, and shall be construed as, a Protective Order under Federal Rules of Evidence 502(d). Accordingly, as explicitly set forth in Rule 502(d), a Party's production of Privileged Information, whether inadvertent or intentional, is not a waiver of any privilege or protection in any other federal or state proceeding.

**6.0    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1    Timing of Challenges:** Any Party or Non-Party may challenge a designation of confidentiality at any time.

**6.2    Meet and Confer:** A Party that elects to initiate a challenge to a designation or assertion that any document or other material is Protected Information must do so in good faith

and must begin the process by meeting and conferring directly with Outside Attorneys for the Designating Party. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging by Bates number and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient unless specifically agreed upon by the parties) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the designation of Protected Material was not proper and must give the Designating Party an opportunity to review the designated Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   **6.3**  **Resolution by Court:** If a dispute regarding the designation of Protected Material remains after the process identified in section 6.2 is exhausted, a Challenging Party may seek relief from the Court.

**7.0**  **ACCESS TO AND USE OF PROTECTED MATERIAL**

   **7.1**  **Basic Principles:** All Disclosure or Discovery Material shall be used solely for purposes of the prosecution or defense of the Action (including any attempted settlement thereof or appeal therefrom), or the enforcement of insurance rights with respect to the Action, and for no

other purpose whatsoever. Unless the parties otherwise agree, for the avoidance of doubt, the use of Disclosure or Discovery Material is restricted to the Action and may not be used in any other action even if such action involves the same parties or counsel, or similar subject matter. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

**7.2    Security of Protected Material:** Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

(a) Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Protected Material under this Protective Order;

(b) Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g., laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Protective Order. If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level;

(c) Protected Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Protective Order;

(d) Summaries of Protected Material, including any lists, memoranda, indices or compilations prepared or based on an examination of Protected Material, that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Protected Material;

**7.3** **Disclosure of Protected Material:** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation or other legitimate business needs of the Receiving Party;

(c) Outside Experts and consultants and their staff retained to assist the parties in the conduct of this litigation, so long as such person has executed a copy of the Acknowledgment and Agreement to Be Bound attached as Exhibit A;

(e) The court and its personnel;

(f) Persons or entities that provide litigation support services retained by a Party or a Party's outside counsel including but not limited to court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as their employees and subcontractors, to whom disclosure is reasonably necessary for this litigation so long as such person has executed a copy of the Acknowledgment and Agreement to Be Bound attached as Exhibit A;

(g) During their depositions or trial testimony, witnesses in the action to whom disclosure is reasonably necessary. Nothing in this Protective Order shall be construed as preventing a Party from using Protected Material at deposition or hearing;

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) Any mediators or other mutually agreed upon or court-appointed person responsible for resolving this matter in a non-judicial forum and so long as such person has executed a copy of the Acknowledgment and Agreement to be bound attached as Exhibit A; and

(k) Any other person to whom the Designating Party agrees in writing disclosure may be made.

**8.0 PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

If a Party is served with a subpoena or a court order issued in other litigation or any other process by any administrative agency, legislative body or any person or entity that compels disclosure of any Protected Material that Party must, unless prohibited by law or court order:

    (a)    Notify the Designating Party in writing, either within 5 calendar days of the Party's receipt of the subpoena, order, or process, or sooner, if more expeditious notice is required to afford the Designating Party the opportunity to object to such disclosure. Such notification shall include a copy of the subpoena, order or other process;

    (b)    Promptly notify in writing the party who caused the subpoena, order, or process to issue in the other litigation that some or all of the material covered by the subpoena, order, or process is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or process shall not produce any Protected Material before a determination by a court with jurisdiction to issue a protective order, unless the Party has obtained the Designating Party's permission to produce such information. The Designating Party shall bear the burden and its own expense of seeking protection in that court or other forum of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.0    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

Without limiting a Receiving Party's obligations in the event of a security breach, if a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, (d) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Protective Order, and (e) take reasonable efforts to obtain such person(s)' execution of the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such unauthorized disclosure incident.

**10.0 MISCELLANEOUS**

    **10.1** **Right to Further Relief:** Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

    **10.2** **Right to Assert Other Objections:** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    **10.3** **Filing Protected Material:** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in

the public record any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 13.05.

**11.0   FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action each Receiving Party must return all Protected Material to the Producing Party or destroy such Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party, on request of the Producing Party, must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

Dated: October 6, 2025                          /s/ Brian C. Wimes
                                                JUDGE BRIAN C. WIMES
                                                UNITED STATES DISTRICT COURT

# EXHIBIT A

## ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

I, _____ state that:

My business address is _____

_____

My present employer and job description are _____

_____

_____

My relationship to the parties to this action is as follows: _____

_____

_____

I have read and reviewed in its entirety the Protective Order that has been signed and entered in this matter. I understand that my execution of this Acknowledgement Of And Agreement To Be Bound By The Protective Order, indicating my agreement to be bound by the Protective Order, is made under penalty of perjury and is a prerequisite to my review of any information designated as Protected Material or "CONFIDENTIAL" pursuant to this Protective Order.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material will continue even after this Litigation concludes.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

At the final termination of this litigation, I will return to counsel all documents or things consisting of or containing Protected Material.

DATED this _____ day of _____, 202\_\_.

_____
(Signature)
(Typed or Printed Name)